PIKE *v.* GILBERT.

1. LIFE ESTATES—LIEN FOR TAXES—BURDEN OF PROOF.
   In a suit to charge the interest of defendant in property with the payment of taxes and to foreclose a lien therefor, the burden is on plaintiff to establish liability on defendant's part to pay the taxes.

2. SAME—APPLICABILITY OF RULE THAT LIFE TENANT MUST PAY TAXES.
   The rule that when the property is productive a life tenant must pay the taxes on it is inapplicable in the absence of proof that defendant is a life tenant.

3. SAME—DEEDS—LIABILITY OF LIFE TENANT TO PAY TAXES.
   A provision in a deed that it was subject to a lease to defendant during her life imposed no liability on her to pay the taxes, she not being a party thereto, and no interest in the land being conveyed or reserved or sought to be conveyed or reserved to her by it.

4. EVIDENCE—LIFE LEASE—BURDEN OF PROOF.
   The burden is upon plaintiff, seeking to impose liabilities

upon defendant by reason of a lease to her, to establish them by the production of the lease, or, if lost or destroyed, by competent secondary evidence thereof.

5. LIFE ESTATES—PAYMENT OF TAXES RAISES NO PRESUMPTION OF LIABILITY.

The possession and payment of taxes by defendant for many years raises no legal presumption of a continuing liability to do so.

6. PLEADING—ADMISSION MUST BE TAKEN AS A WHOLE IF RELIED UPON.

Where the admission in defendant's answer that she is a life tenant is coupled with an averment that, under the express provisions of her lease, her liability to pay taxes has ceased to exist, the admission, if relied upon, must be taken as a whole.

7. LIFE ESTATES—GRANTEE OF FEE WITH NOTICE CHARGEABLE WITH DUTY TO ASCERTAIN LIFE TENANT'S RIGHTS.

Where the grantee in a deed subject to a life lease in defendant was chargeable with constructive notice of said lease, and knew that she was refusing to pay the taxes, it was his duty, before purchasing, to ascertain the nature of her tenancy and the reason for her refusal to pay the taxes.

8. SAME—EVIDENCE—SUFFICIENCY.

Evidence on behalf of plaintiff, *held*, insufficient to entitle him to relief.

Appeal from Washtenaw; Sample (George W.), J. Submitted April 8, 1924. (Docket No. 7.) Decided June 2, 1924.

Bill by Charles B. Pike against Cornelia J. Gilbert to establish a lien for taxes upon the life estate of defendant in certain land, and for foreclosure thereof. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*John J. Gafill*, for plaintiff.

*R. W. Nebel*, for defendant.

SHARPE, J.   In August, 1892, Jeremiah Jacobs conveyed certain premises in the city of Ann Arbor by warranty deed to Millie J. Gilbert.   This deed contained the following:

"This deed is subject to a lease of said described property this day executed by said Jeremiah Jacobs to Cornelia J. Gilbert, which lease remains in force during the life of said Cornelia J. Gilbert and terminates at her death."

It was not recorded until 1898.   Cornelia J. Gilbert was a niece of Mr. Jacobs and the mother of Millie. Millie afterwards married Clarence Lennon.   By appropriate conveyances the title was placed in Millie and her husband as tenants by the entireties.   Millie died in 1912.   Lennon conveyed to plaintiff, his brother-in-law, in 1920.   The taxes on the property for the years 1917 to 1920 inclusive, amounting to more than $300, having become delinquent, were paid by plaintiff.   He here seeks to have these sums declared a lien upon the interest of Cornelia J. Gilbert in the property and for foreclosure thereof.

The defendant in her answer admits the execution of the deed from Jacobs to Millie J. Gilbert, and says:

"That at the same time that the deed was executed the said Jeremiah Jacobs gave the defendant a written lease executed the same day, which lease provided that the said defendant   *   *   *   was to remain in possession of the said premises during her lifetime; that the lease provided that the said lessee was not to be obligated to pay the taxes assessed or to be assessed after the said Millie J. Gilbert, daughter of the defendant, married or became self-supporting."

The proofs were taken in open court.   Plaintiff testified that he paid the taxes as alleged; that defendant had been in possession for a number of years, and he understood she was a life tenant.   On cross-examination, he stated that he knew when he purchased the property that defendant had refused to

longer pay the taxes.     The record of the deed from Jacobs to Millie J. Gilbert was then put in evidence. Plaintiff then called the defendant, and cross-examined her under the statute permitting this to be done.     She stated that she had lived on the property between 30 and 40 years, rented one room for which she received $3 weekly, and paid the taxes until Millie's death in 1912.     On direct-examination, she testified that her lease had been surreptitiously removed from a desk in her room during her absence; that she had made careful search for it and was unable to find it.     She then testified, over plaintiff's objection, that the facts were equally within the knowledge of Jacobs, then deceased, that the lease contained a provision that she should pay the taxes on the property only until Millie married or became self-supporting.     No further or other proof was offered tending to show liability on her part.

The trial court, without passing upon the competency of the parol proof as to the contents of the lease, held that defendant's possession put plaintiff upon inquiry as to her rights and dismissed the bill. Plaintiff appeals.

Plaintiff here seeks to charge the interest of defendant in the property with the payment of these taxes.     The burden is on him to establish by competent proof a liability on her part to make such payments.     He relies on the rule of law that, when the property is productive, a life tenant must pay the taxes on it.     *Jeffers* v. *Sydnam*, 129 Mich. 440; *Poole* v. *Union Trust Co.*, 191 Mich. 162 (Ann. Cas. 1918E, 622).     To obtain the benefit of this rule, he must prove that the defendant was a life tenant of the property.     The provision in the deed from Jacobs to Millie J. Gilbert, that it was subject to a lease, etc., as above set forth, imposes no liability on the defendant.     She was not a party to the deed.     No interest

in the land was conveyed or reserved, or sought to be conveyed or reserved, to her by it.   The only purpose of inserting this provision in the deed was to give notice to the grantee that a lease had been executed to defendant, and to relieve the grantor in respect to it from his covenant of warranty.   It seems clear that plaintiff as remainderman cannot enforce the liability which rests on a life tenant to pay taxes, based on the provision in the deed alone.   Her rights and duties are dependent upon the conveyance she received from Jacobs.   If the defendant was seeking to enforce rights under it, the burden would rest upon her to establish its contents by the production of the instrument or, if it be lost or destroyed, by competent secondary evidence thereof.   A similar burden rests on the plaintiff when he seeks to impose a liability on her dependent upon the nature of the conveyance. Her possession and the payment of taxes by her for many years raises no legal presumption of a continuing liability on her part to do so.   The admission in her answer that she is a life tenant is coupled with an averment that, under the express provisions of the conveyance under which her title was acquired, her liability to pay taxes has ceased to exist.   This admission, if relied on, must be taken as a whole.

We feel that no injustice is done to plaintiff by so holding.   He is a relative of Millie's husband, from whom he received his conveyance.   While he denies actual notice, he was chargeable with constructive notice of the provision in the deed from Jacobs to Millie.   He knew that defendant was refusing to pay taxes.   Before purchasing, it was his duty to ascertain the nature of her tenancy and the reason for her refusal.   Eliminating the testimony of the defendant as to the contents of her conveyance, to the introduction of which plaintiff objected, and upon the admissibility of which we are not required to pass, it

is clear that he has not made out such a case as entitles him to relief.

The decree is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.